# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARCUS M. HENRY,

    Plaintiff,

v.                                                                       Case No. 19-CV-911

CO SPRAGUE, *et al.*,

    Defendant(s).

## SCREENING ORDER

Plaintiff Marcus Henry, an inmate confined at Green Bay Correctional Institution (GBCI), filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. This court has jurisdiction to screen Henry's complaint and resolve his motion for leave to proceed without prepayment of the filing fee based on his full consent to magistrate judge jurisdiction (ECF No. 5) and the Wisconsin Department of Justice's limited consent to magistrate judge jurisdiction, as set forth in the Memorandum of Understanding. Although Henry filed a follow-up request refusing magistrate judge jurisdiction (ECF No. 8), once a party has consented he cannot change his mind.

1. **Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Henry was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without

prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On July 1, 2019, the court ordered Henry to pay an initial partial filing fee of $0.87. (ECF No. 6.) Henry paid that amount on July 12, 2019. Therefore, the court will grant Henry's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**2. Screening the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

2

when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

To state a claim under 42 U.S.C. §1983, Henry must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

*2.2 Allegations in the Complaint*

On February 1, 2017, defendant Correctional Officer Sprague passed out medication in the segregation unit at GBCI. (ECF No. 1 at 2.) When Sprague got to Henry's cell, he "took out the cards and just started popping meds into the cup." (*Id.*) Henry took the pills. (*Id.*)

As Sprague was putting the cards back, Henry thought that he saw a card that wasn't his, so he asked Sprague to check the card. (*Id.*) Sprague noticed that he had given Henry another inmate's "psychotropic medication." (*Id.*) Sprague called nurse Ashley Heumpfner and told her what happened. (*Id.* at 4.) Heumpfner checked Henry's vitals but didn't send him to the hospital even though Henry had told her that he felt "sick and weird." (*Id.*)

3

Henry states that he takes a lot of blood pressure medication and didn't know how another inmate's medication could have reacted with his. (*Id.*) He states that he "could've died." (*Id.*) He also states that Health Services Manager Jean Lutsey knows that correctional officers are not trained to pass out medication, yet she still allows it to happen. (*Id.*) For relief, Henry seeks an injunction and monetary damages. (*Id.* at 5.)

*2.3 Analysis*

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. Amend. VIII. To state a claim under the Eighth Amendment, a prisoner must allege that a prison official was "deliberately indifferent" to a "substantial risk of serious harm" to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" means that the officials were aware that the prisoner faced a substantial risk of serious harm but disregard the risk by failing to take reasonable measures to prevent it. *Id.* "Any time a prisoner receives the wrong medication, there is a risk of harm." *Davis v. Layman*, 2019 WL 1206243, at *2 (W.D. Wis. Mar. 14, 2019) (internal citations omitted). "However, courts have found that 'one isolated mistake does not allow a plausible inference of deliberate indifference.'" *Id.* "Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment." *Id.*

Henry alleges that Sprague gave him the wrong inmate's medication on one occasion. When Sprague learned of the error, he immediately called a nurse for medical assistance. Sprague's isolated mistake, coupled with his prompt call to the

4

nurse to evaluate Henry, does not state a claim for deliberate indifference. At best, it shows negligence and an attempt to promptly provide medical care to resolve the issue. Therefore, the court will dismiss Sprague from this lawsuit.

Henry alleges that Heumpfner refused to send him to the hospital, even though he told her that he felt "sick and weird." He alleges that Lutsey knows that correctional officers are not trained to pass out medication, yet she still allows it to happen. Although the Eighth Amendment does not give Henry the right to choose how he gets treated, *see Jones v. Sood*, 123 F. App'x 729, 732 (7th Cir. 2005), at this early stage of the litigation the court will allow Henry to procced with an Eighth Amendment claim that Heumpfner failed to provide adequate medical care when he became sick from receiving another inmate's medication. It will also allow Henry to procced with a claim that Lutsey imposes a "custom or policy" of using correctional officers to distribute medication when she knows that it makes inmates sick. *See Baker v. Litscher*, 2017 WL 6001783, at *5 (E.D. Wis. Dec. 4, 2017); *see also Taylor v. Litscher*, 2019 WL 2578271 (W.D. Wis. June 24, 2019).

3. Conclusion

**THEREFORE, IT IS ORDERED** that Henry's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**. The agency having custody of Henry shall collect from his institution trust account the **$349.13** balance of the filing fee by collecting monthly payments from Henry's prison trust account in an amount equal to 20% of the preceding month's income credited to Henry's trust account and forwarding payments to the Clerk of Court each time the amount in the

5

account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Henry is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS ORDERED** that a copy of this order be sent to the officer in charge of the agency where Henry is confined.

**IT IS ORDERED** that Sprague is **DISMISSED** from this lawsuit.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Heumpfner and Lutsey. It is **ORDERED** that these defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Henry is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 6th day of August, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge