# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARCUS HENRY,

        **Plaintiff,**

v.                                   Case No. 19-cv-911

JEAN LUTSEY, *et al.*,

        **Defendants.**

## ORDER

*Pro se* plaintiff Marcus Henry filed a motion to compel, a motion to amend statement of claim, and a motion for appointment of counsel. (ECF Nos. 20, 22-23.)

1. Motion to Compel

Henry asks for "an order that the plaintiff be moved to another prison." (ECF No. 20.) He explains that various individuals at the institution at which he is currently housed (Green Bay Correctional Institution) have exposed him to "imminent danger." (*Id.*, ¶¶ 1-2.) The court will construe Henry's "motion to compel" as a mandatory preliminary injunction. *See Taylor v. Sutterer*, 2019 WL 6701917, at *3 (S.D. Ill. Dec. 9, 2019) (noting that a motion that requires an affirmative act by the defendants is construed as a "mandatory preliminary injunction.").

Mandatory preliminary injunctions are "cautiously viewed and sparingly issued" because they require the court to command the defendants to take a particular action. *Taylor*, 2019 WL 6701917, at *3 (internal citations omitted). To

obtain a mandatory preliminary injunction, Henry must establish that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Id.* (citing *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015)). If Henry shows those three factors, the court then balances the harm to each party and to the public interest from granting or denying the injunction. *Id.*

In the prison context, the court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage." *Westefer*, 682 F.3d at 683.

In his motion for injunctive relief Henry makes four allegations: (1) Correctional Officer Van Lanen threatens to place him in segregation on a daily basis in retaliation for him filing this lawsuit; (2) Nurses Matushak, Recla, Bost, Alsteen, Blair, and Staeven constantly deny him medical attention even though they are all aware that he has heart problems; (3) Alsteen has given him the wrong medication on at least one occasion since he filed this lawsuit and "that is what this

case is all about;" and (4) his mail is "being thrown away in an attempt to hinder [him] and get this suit dismissed." (ECF No. 20, ¶¶ 1-3.)

Regarding allegations one, two, and four, Henry cannot establish a reasonable likelihood of success on the merits. *See Mason v. Freeman*, 2019 WL 2173480, at *2 (S.D. Ill. May 20, 2019) (noting that a prisoner-plaintiff cannot establish a reasonable likelihood of success on the merits when the allegations in an injunction "do not pertain to the issues in this case" and the individuals in the injunction "are not named as defendants in this case"). The court allowed Henry to proceed with an Eighth Amendment claim that Heumpfner refused to send him to the hospital after receiving the wrong inmate's medication and that Lutsey imposes a "custom or policy" of using correctional officers to distribute medication when she knows that it makes inmates sick. (ECF No. 9 at 5.) Van Lanen, Matushak, Recla, Bost, Alsteen, Blair, and Staeven are not defendants in this case, so the court cannot issue an injunction against them regarding retaliation, mail tampering, or other unrelated medical care issues. Henry can address these problems through the institution's Inmate Complaint Review System. If that is unsuccessful, he can file a separate lawsuit against them.

His third allegation, that Alsteen gave him the wrong medication at least once since he filed this lawsuit, *does* relate to the official capacity claim against Lutsey. However, Henry does not allege any harm that he suffered as a result of the one occasion on which Alsteen allegedly gave him the wrong medication. Nor does he explain why it is reasonable to conclude that Alsteen will in the future give him

the wrong medication. Absent any such information, no basis exists for concluding that Henry will suffer irreparable harm unless he is transferred to another institution. Therefore, the court will deny Henry's "motion to compel."

2. Motion to Amend Statement of Claim

Henry asks to add Warden Scott Eckstein, Security Director John Kind, and Segregation Captain Jay Van Lanen as defendants in this lawsuit. (ECF No. 22.) He explains that these individuals are supervisors who are "responsible" for the conduct of correctional officers and staff at the institution. (*Id*.)

The court will deny the motion for two reasons. First, Henry did not attach a proposed amended complaint to his motion, as required by Civil Local Rule 15(a) ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").

Second, even if Henry had attached a proposed amended complaint, the proposed amendment would be futile. *See Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) ("[A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss."). Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). Eckstein, Kind and Van Lanen are not responsible for the conduct of others simply based on their role as supervisors at the institution. *Id*. Therefore, the court will deny Henry's motion to amend his statement of claim.

3. Motion for Appointment of Counsel

Henry asks that counsel be appointed because he is "doing this by [himself]" and does not have knowledge of "how to do this case." (ECF No. 23.)

"[T]here is no right to court-appointed counsel in federal civil litigation, but an indigent civil litigant may ask the district court to request an attorney to represent the litigant *pro bono.*" *McCaa v. Hamilton*, 893 F.3d 1027, 1030 (7th Cir. 2018); *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). The district court conducts a two-prong test to determine whether it should recruit *pro bono* counsel: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish et al.,* 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)).

Under the first prong, the court must determine whether the plaintiff made a good faith effort to hire counsel on his own. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). In this district, the plaintiff must contact at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. The court requires evidence of a plaintiff's attempts to recruit counsel so that it can determine whether the attempts were "reasonable." *Pickett*, 930 F.3d at 871. The court considers, for example, how well the plaintiff articulated his case to

the prospective lawyer. *Id*. Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for the court to intervene" and recruit counsel. *Id*. But, where a plaintiff is inarticulate, then the court may have a "useful role to play" in recruiting counsel. *Id*. The court also considers the lawyers' responses. *Id*. The court analyzes the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. *Id*.

Under the second prong, the court must examine "the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id*. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id*. at 490-491. The court must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case. *Id*. at 491. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and

able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

Henry has not attached evidence showing that he made a "good faith" effort to hire counsel on his own nor has he provided any specific information as to why the difficulty of this case exceeds his individual capacity to coherently present it. Accordingly, the court will deny Henry's motion for appointment of counsel without prejudice.

**NOW, THEREFORE, IT IS ORDERED** that:

(1) Henry's motion to compel (ECF No. 20) is **DENIED**;

(2) Henry's motion to amend statement of claim (ECF No. 22) is **DENIED**; and

(3) Henry's motion for appointment of counsel (ECF No. 23) is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin this 14th day of January, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge