# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARCUS HENRY,

      Plaintiff,

v.                                                      Case No. 19-CV-911

JEAN LUTSEY, *et al.*,

      Defendants.

## ORDER

Marcus Henry, a Wisconsin inmate representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) The court screened the complaint and allowed Henry to proceed with two claims: (1) that Ashley Heumpfner failed to provide adequate medical care when Henry became sick from receiving the wrong inmate's medication; and (2) that Jean Lutsey imposed a "custom or policy" of using correctional officers to distribute medication when she knew that the policy made inmates sick. (ECF No. 9 at 5.) This order resolves the defendants' motion for summary judgment based on failure to exhaust administrative remedies and Henry's motion to appoint counsel. (ECF Nos. 32 and 44.)

    *1. The Defendants' Motion for Summary Judgment*

Civil Local Rule 56(a) requires attorneys litigating against *pro se* parties to include the relevant local rules with their motions for summary judgment and to explain in the motion that the court would take uncontradicted facts as true for

purposes of deciding the motion. The defendants followed the local rule in filing their motion for summary judgment. (ECF No. 32.) The court separately issued a "Notice and Order" explicitly warning Henry that his failure to respond to the defendants' proposed findings of fact would result in the court accepting them as true for purposes of resolving the motion for summary judgment. (ECF No. 38 at 1.) Despite these warnings, Henry did not respond to the defendants' proposed findings of fact. Thus, the court will accept the defendants' proposed findings of fact as true for purposes of this motion. *See* Civ. L. R. 56(b)(4) (E.D. Wis.)

a. *Facts*

Henry is an inmate at the Green Bay Correctional Institution ("GBCI"). (ECF No. 36, ¶ 1.) Heumpfner is a nurse at GBCI and Lutsey is Health Services Manager at GBCI. (*Id.*, ¶ 3.)

On February 1, 2017, Henry filed inmate complaint GBCI-2017-3781 alleging that Officer Sprague gave him another inmate's medication. (*Id.*, ¶¶ 4-5; *see also* ECF No. 37-2 at 10-11.) Henry explained that Sprague gave him the wrong medication and then refused to contact HSU. (ECF No. 37-2 at 10.) Institution Complaint Examiner ("ICE") Jodene Perttu investigated the complaint, confirmed Henry's allegations, and wrote back, "While it is unfortunate that this happened, staff are human and will make errors on occasion. It is not possible to guarantee that mistakes will never happen." (ECF No. 36, ¶¶ 7-11.) Perttu recommended affirming the inmate complaint, and Reviewing Authority Lori Alsum adopted the recommendation. (*Id.*, ¶¶11-12.)

2

Henry appealed the decision, explaining that Perttu failed to do "enough" given that it was not the first time he had received the wrong medication. (*Id.*, ¶ 13; see also ECF No. 37-2 at 13.) Corrections Complaint Examiner ("CCE") Brad Hompe reviewed the file and noted that staff had submitted proper documentation of the incident. (ECF No. 36, ¶ 15.) Hompe recommended affirming the inmate complaint "only to note that the institution addressed the complaint appropriately." (*Id.*, ¶ 14.) The Office of the Secretary agreed and adopted Hompe's recommendation. (*Id.*, ¶ 16.)

Henry did not file an inmate complaint alleging that Heumpfner provided inadequate medical care. (*Id.*, ¶ 17.) Nor did Henry file an inmate complaint alleging that Lutsey imposed a custom or policy of using correctional officers to distribute medication. (*Id.*, ¶ 18.)

### b. *Legal Standard*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

3

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Under the Prisoner Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and district courts have no judicial discretion to excuse an inmate's failure to exhaust when the administrative remedies are available. *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016).

The Inmate Complaint Review System ("ICRS") outlines the procedures to exhaust administrative remedies through Wisconsin's prison system. Wis. Admin. Code § DOC 310. First, the inmate must file an offender complaint with ICE within fourteen calendar days of the event giving rise to the complaint. § DOC 310.09(6). The complaint must "contain only one issue per complaint, and shall clearly identify

4

the issue." § DOC 310.09(1)(e). An inmate complaint "need not lay out the facts, articulate legal theories, or demand particular relief," but it must "alert[] the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "The level of detail necessary in a grievance to comply with the procedure will vary from system to system and claim to claim, but it is the prison's requirements…that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Second, the inmate must pursue "all administrative remedies that the department of corrections has promulgated by rule." Wis. Admin. Code § DOC 310.05. Once the inmate files the inmate complaint, ICE "decid[es] the method best suited to determine the facts, including personal interviews, telephone calls, and document review" and sends a recommendation to the Appropriate Reviewing Authority within twenty working days of acknowledging the complaint. §§ DOC 310.11(3)-(11). The Appropriate Reviewing Authority must make a decision on the inmate complaint within ten working days of receiving the recommendation. § DOC 310.12(1). If the Appropriate Reviewing Authority dismisses the inmate complaint, the inmate must appeal that decision to CCE. § DOC 310.13(1). CCE then sends a recommendation to the Office of the Secretary of the Department of Corrections within thirty-five days of receiving the appeal. § DOC 310.13(6). The Secretary must make a decision within ten working days after receiving CCE's recommendation. § DOC 310.14(1). If the inmate does not receive the Secretary's written decision within forty-five working

5

days of CCE's acknowledgement of the appeal, the inmate can consider administrative remedies to be exhausted. § DOC 310.14(3).

> c. *Analysis*

The defendants produced evidence showing that Henry never filed any inmate complaints alleging that Heumpfner provided inadequate medical care or that Lutsey imposed a custom or policy of using correctional officers to distribute medication. (*See* ECF No. 37-1.) The one inmate complaint that Henry did file regarding receiving the wrong medication stated that Officer Sprague gave him the wrong medication and then refused to contact medical staff. (*See* ECF No. 37-2 at 10.) Specifically, Henry alleged that Officer Sprague "didn't even contact H.S.U." following the incident. (*Id.*)

Based on Henry's inmate complaint, ICE would have had no reason to investigate the conduct of Heumpfner, who Henry now alleges provided inadequate medical care (Heumpfner allegedly checked Henry's vitals after he received the wrong medication and then refused to send him to the hospital). Henry's inmate complaint would not have alerted the prison to investigate the quality of the medical care he received following receiving the wrong medication because Henry alleged, at that time, that he didn't receive any medical care. Therefore, Henry failed to exhaust his administrative remedies as to Heumpfner.

Regarding the allegations against Lutsey, Henry noted in his inmate complaint *appeal* that it was not the first time he had received the wrong inmate's medication. Nonetheless, that would not have given ICE an opportunity to investigate Lutsey's use of correctional officers to distribute medication. Henry did not mention Lutsey

6

specifically nor did he mention "correctional officers," "custom or policy," or "medication distribution" anywhere in the appeal. (ECF No. 37-2 at 13.) Even if he had, proper exhaustion requires inmates to file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. Under Wisconsin's ICRS, the entity responsible for investigating the facts in an inmate complaint is ICE. This means that Henry would have had to raise any complaint about Lutsey in his original inmate complaint to give ICE an opportunity to investigate it. Henry cannot skip that step or ask that CCE (which only reviews appeals) be responsible for doing that task. Thus, Henry also failed to exhaust his administrative remedies as to Lutsey.

Finally, Henry says that he properly exhausted his administrative remedies because he appealed all the way to the Office of the Secretary. He notes that ICE spoke to Heumpfner and Lutsey when investigating his inmate complaint against Officer Sprague, which should be enough to satisfy exhaustion against all three. However, the fact that ICE talked to Heumpfner and Lutsey in the course of investigating Henry's claim against Sprague does not mean ICE had any reason to believe that Henry intended to assert a claim against either of them. Henry's complaint never alleged that Heumpfner and Lutsey did anything wrong. As a result, ICE would not have had any reason to investigate Heumpfner and Lutsey in their role as medical care providers. Thus, the defendants are entitled to summary judgment based on failure to exhaust administrative remedies.

7

Because the court has no discretion to excuse an inmate's failure to exhaust available administrative remedies, having a lawyer would not have changed the outcome of this case. Henry failed to exhaust his administrative remedies in 2017, when the incident occurred. A lawyer representing Henry could not have changed that fact. Therefore, the court will also deny Henry's motion to appoint counsel.

*2. Conclusion*

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No. 32) is **GRANTED** and the case is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS ORDERED** that Henry's motion to appoint counsel (ECF No. 44) is **DENIED**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion

under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 24th day of June, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

9

Case 2:19-cv-00911-WED    Filed 06/24/20    Page 9 of 9    Document 45